930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
 In re Lontie J. CLEMENCE and Karen K. Clemence, Individually
and in their severable capacities as stockholders of and
trustees for "The Bonnie J. Clemence Trust, UTA 7/25/84",
Bonnie J. Clemence, individually and in her capacity as
stockholder of "The Bonnie J. Clemence Trust, UTA 7/25/84,"
Plaintiffs-Appellants,
v.
Roy Arthur CLEMENCE, conservatee/debtor, Charles R. Clemence
and R. Douglas Clemence, co-conservators for Roy
A. Clemence, Defendants-Appellees.
 
 No. 90-3049.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 Before McKAY, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a judgment of the District Court of the District of Kansas sitting as an appellate court in bankruptcy. The sole issue is whether the bankruptcy court correctly dismissed an adversary proceeding brought to determine whether 5000 acres of real property was that of the plaintiffs or that of the estate. The district court upheld the bankruptcy judgment that the issue had been resolved in prior actions, and we affirm the district court.
 
 
 3
 Plaintiff, Bonnie J. Clemence, is the mother of plaintiffs Lontie J. Clemence and Karen K. Clemence. Roy Clemence, whose bankruptcy estate is a party defendant in this action, was the husband of Bonnie and the father of Lontie and Karen. The dispute here is whether Lontie and Karen are the owners of the real property as a result of a deed from Bonnie to them.
 
 
 4
 Bonnie executed a general warranty deed to Lontie and Karen dated May 19, 1982, purporting to convey the 5000 acres to them as a gift. The deed was not recorded until April 25, 1983. In the intervening period, a number of consequential events occurred.
 
 
 5
 First, and perhaps most important in the chain of events, in June 1982, Roy filed an action in state court first seeking separate maintenance and later a divorce from Bonnie. From what we can glean of the prolix briefs and the record, there is no dispute that the state court had jurisdiction over the properties of Roy and Bonnie and had authority to allocate their interests in those properties in accordance with state law.
 
 
 6
 Thereafter, on April 18, 1983, Lontie and Karen filed a chapter 11 proceeding in the District of Kansas. In that proceeding, the bankruptcy judge ultimately determined that Bonnie did not have donative intent to convey the property to Lontie and Karen when she executed the deed. He consequently held there was no "effective transfer before June 10, 1982," the date the state court acquired jurisdiction in the action between Roy and Bonnie.[1] He concluded the property was owned by "the Bonnie Clemence Trust and not the debtors [Lontie and Karen] in this chapter 11 proceeding." (Emphasis added.) The court then returned the property "to the jurisdiction of the state court to be divided in the divorce proceeding pursuant to the state court's authority." That judgment was appealed to the district court, which affirmed the bankruptcy court, and to this court which summarily affirmed the district court.
 
 
 7
 After the entry of the judgment of the bankruptcy court, the state court entered a decree of divorce. In that decree, the state court awarded the 5000 acres to Roy,
 
 
 8
 subject, however, to the final determination yet to be made by the United States Bankruptcy Court for the District of Kansas concerning the validity of a certain deed executed on the 19th day of May, 1982, by the parties as Trustees of the Bonnie J. Clemence Trust purporting to convey to Karen K. Clemence and Lontie J. Clemence certain tracts of land situated in Dickinson County and Ottawa County, Kansas.... Should the aforesaid deed be finally determined to be invalid it is the finding of this Court that the ownership of all lands described therein as well as the other lands described ... should be set over to the Plaintiff [Roy] as his sole and separate property, free and clear of all claims of the Defendant. Should said deed be finally determined to be valid then this finding shall have no bearing on the lands described therein.
 
 
 9
 It is not clear in the record before us, but we presume at the time of the decree the state court was unaware of the judgment of the bankruptcy court holding the purported transfer to Lontie and Karen ineffective. We have no doubt, however, that the state court intended to defer to the bankruptcy court's determination of whether Bonnie's deed effectively conveyed the 5000 acres to Karen and Lontie. We are equally certain that the state court intended to award the 5000 acres to Roy if the bankruptcy court held that transfer ineffective.
 
 
 10
 Succeeding the entry of the divorce decree by some eight months, Roy filed the bankruptcy proceeding from which this appeal emerged. In that proceeding, plaintiffs filed a pro se complaint, individually and "as fairly representative of the body of 'Stockholders' of the Bonnie J. Clemence Trust" seeking a declaratory judgment that the 5000 acres "do not constitute property of [Roy's bankruptcy] estate--unless and until the said deed be adjudicated to be invalid as to Bonnie." Again, while the prolixity of the complaint obscures the clarity of its purpose, it appears that plaintiffs contended that because the bankruptcy court did not pronounce the word "invalid" when it held the purported conveyance from Bonnie to Lontie and Karen "ineffective," the divorce decree operated to vest title in the 5000 acres in Bonnie.[2]
 
 
 11
 Roy, as debtor, filed a motion to dismiss the complaint for failure to state a claim. Roy asserted the issue of the validity of the deed had been resolved against Karen and Lontie, and that holding was binding. After hearing the motion the bankruptcy court concluded the issues "have already been determined by this Court and therefore are barred by res judicata and collateral estoppel." The motion to dismiss was granted.
 
 
 12
 On appeal, the district court affirmed. The court held that contrary to plaintiffs' assertion, it did determine Bonnie's deed invalid. The court stated:
 
 
 13
 While the court did not explicitly state that the deed was invalid, the court held the deed was ineffective (or invalid) to transfer interest in the land to Karen and Lontie Clemence because there was an absence of donative intent, delivery and acceptance--the essential elements of a gift. This holding satisfied the condition in the divorce decree because it established the ownership of the land at the time of the decree.
 
 
 14
 We agree with this ruling. Plaintiffs' contention is utterly frivolous.
 
 
 15
 AFFIRMED. Mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The date is further significant because from that time Bonnie had been enjoined by the state court from conveying any interests in property
 
 
 [2]
 Plaintiffs attempted to file an amended complaint asserting that the first bankruptcy holding was invalid because the bankruptcy court did not have "in personam jurisdiction" over Bonnie, but the bankruptcy court did not permit the filing of the amended complaint. Consequently, the argument apparently raised in this court concerning the issue of "in personam jurisdiction" is without foundation